[Cite as *State v. Guiley*, 2014-Ohio-2035.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DARYL LYNN GUILEY | : | Case No. 2013CA00211 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2012-CR-1434


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      May 12, 2014


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, OH 44702-1413

For Defendant-Appellant

DARYL LYNN GUILEY #634-296
Marion Correctional Institution
P.O. Box 57
Marion, OH 43301-0057

*Baldwin, J.*

{¶1}     Appellant Daryl Lynn Guiley appeals a judgment of the Stark County Common Pleas Court overruling his motion to correct his sentence.  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}     In 2012, appellant was charged by indictment with one count of attempted murder, two counts of felonious assault, and one count of domestic violence.  Appellant entered a guilty plea to the attempted murder charge and one of the felonious assault charges, while the remaining charges were dismissed.  He was sentenced to eight years incarceration for attempted murder and three years for felonious assault, to be served concurrently.  The sentencing entry states, "Pursuant to R.C. 2953.08(D), the sentence of eight (8) years in prison imposed for the offenses are [sic] authorized by law, has been approved jointly by the defendant and the prosecution."  Judgment Entry, January 16, 2013.

{¶3}     On August 12, 2013, appellant filed a motion to correct his sentence.  The trial court summarily overruled the motion.  Appellant assigns four errors on appeal to this Court:

{¶4}     "I.    TRIAL COURT ERRED IN NOT ADVISING OF THE RIGHT TO APPEAL PURSUANT TO CRIMINAL RULE 32(B).

{¶5}     "II.   TRIAL COURT ERRED BY NOT CONSIDERING THE NECESSARY FACTORS SET FORTH IN OHIO REVISED CODE 2929.11 AND 2929.12.

{¶6}     "III.   TRIAL COURT ERRED WHEN CONVICTING OF CHARGES THAT WERE TO BE MERGED AS ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO OHIO REVISED CODE SECTION 2941.25.

{¶7}     "IV.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO DETERMINE THE NUMBER OF DAYS OF CONFINEMENT OWED TO APPELLANT PRIOR TO SENTENCING."

I.-IV.

{¶8}     Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, other than a direct appeal from the judgment, any defense or lack of due process that was raised or could have been raised at the trial which resulted in the judgment of conviction, or on appeal from that judgment.  *State v. Szefcyk*, 77 Ohio St. 3d 93, 1996-Ohio-337, 671 N.E.2d 233, syllabus.   The issues raised by appellant in his motion to correct the sentence and in the instant appeal are all sentencing issues cognizable on direct appeal from his judgment of conviction and sentence, and appellant's collateral attack on the judgment on these grounds is barred by res judicata.

{¶9}     We recognize that appellant may not have been entitled to appellate review of his sentence based on R.C. 2953.08(D)(1), which provides:

{¶10}   "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶11} However, to allow a defendant to collaterally attack a judgment on grounds he could have raised on direct appeal if they had not barred by R.C. 2953.08(D)(1) would render that statute a nullity.

{¶12} Accordingly, appellant's four assignments of error are overruled. The judgment of the Stark County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.