[Cite as *State v. Tate*, 2015-Ohio-3859.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15-CA-40 |
| LLOYD TATE | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Richland County Court of Common Pleas, Case No. 2012-CR-0666D

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: September 21, 2015

APPEARANCES:

For Plaintiff-Appellee

DANIEL M. ROGERS
Assistant Prosecuting Attorney
38 S. Park Street
Mansfield, OH 44902

For Defendant-Appellant

LLOYD TATE  #A634-143
Marion Correctional Institution
Box 57
Marion, OH 43301-0057

*Gwin, P.J.*

{¶1} Appellant Lloyd Tate appeals the April 9, 2015 judgment entry of the Richland County Court of Common Pleas denying his motion for post-conviction relief. Appellee is the State of Ohio.

*Procedural History*

{¶2} A statement of facts underlying appellant's original convictions is unnecessary to our disposition of this appeal.

{¶3} On October 9, 2012, appellant was indicted on one account of attempted murder, a felony of the first degree, and two counts of felonious assault, one for causing serious physical harm and one for use of a deadly weapon, both felonies of the second degree. A repeat violent offender specification and a vehicle forfeiture specification was attached to each count of the indictment.

{¶4} After trial, a jury found appellant guilty of all three counts in the indictment. The trial court then heard arguments regarding the repeat violent offender specification. The State of Ohio offered appellant's conviction for robbery from 1989. The trial court found appellant guilty of the repeat violent offender specifications. The trial court also granted the forfeiture of appellant's truck.

{¶5} The trial court sentenced appellant to eleven (11) years on the charge of attempted murder and two (2) years on the repeat violent offender specification. The felonious assault charges were found to be allied offenses to the attempted murder charge.

{¶6} On January 25, 2013, appellant filed a notice of appeal to this Court of his conviction and sentence. The transcript was filed on April 9, 2013. Appellant filed his

brief with this Court on June 10, 2013, arguing, in part, that the trial court erred in finding him to be a repeat violent offender and sentencing him to two years consecutive to the maximum sentence on the attempted murder charge.

{¶7}     On November 21, 2013, in *State v. Tate*, 5th Dist. Richland No. 13 CA 5, 2013-Ohio-5150, this Court affirmed appellant's conviction, sentence, and repeat violent offender finding and sentence.  On August 29, 2014, appellant filed a motion for delayed appeal with the Ohio Supreme Court.  The motion was denied on October 22, 2014 in *State v. Tate*, 140 Ohio St.3d 1465, 2014-Ohio-4629, 18 N.E.2d 445.  On March 23, 2015, appellant filed with this Court a motion to reopen his appeal, which was denied on May 19, 2015.  Appellant appealed the denial to the Ohio Supreme Court.  The Ohio Supreme Court declined to accept jurisdiction of appellant's appeal on August 26, 2015.

{¶8}     Appellant filed a motion to correct sentence on September 18, 2014 with the trial court.  The State of Ohio filed a response.  The trial court issued a judgment entry denying appellant's motion on April 9, 2015.  The trial court found the motion to correct sentence to be a petition for post-conviction relief pursuant to R.C. 2953.21. The trial court first found the motion to be untimely, as the petition was not filed until September 18, 2014 and a timely post-conviction relief petition had to be filed by April 9, 2014.  Additionally, the trial court found res judicata applies because this Court previously addressed and overruled appellant's argument.

{¶9}     Appellant appeals the April 9, 2015 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶10}    "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN IT IMPOSED A SENTENCE FOR THE REPEAT VIOLENT

OFFENDER SPECIFICATIONS THAT WERE CONTRARY TO LAW. O.R.C. 2929.14(B)(2)(b)/(D) and 2929.01(CC)(1)-(2); OHIO CONST., ARTICLE I, SECTION 10 AND 16 AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

I.

{¶11} The trial court considered appellant's "motion to correct sentence" as a petition for post-conviction relief. Appellant does not assign as error the trial court's decision to consider his motion as a petition for post-conviction relief. In denying the motion, the trial court stated that it considered the motion to be untimely.

{¶12} R.C. 2953.21(A)(2) governs the time within a petition for post-conviction relief must be filed and provides as follows:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.

{¶13} In this case, the trial transcript in appellant's direct appeal was filed on April 9, 2013. Appellant filed his petition on September 18, 2014. Therefore, his petition is not within the three hundred sixty five days after the date on which the trial transcript was filed with this Court in his direct appeal and thus not in compliance with the time frame as specified in R.C. 2953.21(A)(2).

{¶14} However, pursuant to R.C. 2953.23(A), the court may consider an untimely petition for post-conviction relief:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from the discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner's situation, and the petition asserts a claim based on that right.

(b)The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found that petitioner was guilty of the offense of which the petitioner was convicted of * * *.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed * * * and analyzed in the context of and upon consideration upon all available admissible evidence related of the inmate's case * * * and the results of the DNA testing establish, by clear and convincing evidence, actual

innocence of that felony offense * * *.

{¶15} In this case, appellant makes no allegation in his motion that results of DNA testing establish, by clear and convincing evidence, actual innocence. Appellant argues that he could not be sentenced to a repeat violent offender specification under R.C. 2929.14(B)(2)(b) because his prior conviction was not within the last twenty years. Further, that the prior offense of robbery was not proven to be a prior offense of violence. These matters were all contained in the trial record and thus appellant cannot show that he was unavoidably prevented from the discovery of the facts upon which he relies on for relief or that this is newly-discovered evidence. Appellant does not set forth any argument in his brief as to the delay in filing, why he meets the exception requirements contained in R.C. 2953.23(A)(1) or (A)(2), or how the petition otherwise complies with R.C. 2953.23(A)(1) or (A)(2). As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) or (A)(2) to file an untimely petition for post-conviction relief.

{¶16} In addition, any errors as to these issues either were or could have been raised on direct appeal and are therefore barred under the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Conversely, issues properly raised in a post-conviction petition are those that could not have been raised on direct appeal because the evidence supporting the issues is outside the

record. *State v. Millanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975). Appellant's arguments do not raise any issues that are dependent upon evidence outside the record. Further, in appellant's direct appeal, this Court found that the trial court did not err in finding him to be a repeat violent offender and sentencing him to two years consecutive to the maximum sentence on the attempted murder charge. Accordingly, the arguments appellant makes either were or could have been raised and argued on direct appeal.

**{¶17}** Upon review, we find that appellant has not satisfied the R.C. 2953.23(A)(1)(a) requirement that he was unavoidably prevented from discovery of the facts upon which he relies to present his claims for post-conviction relief. Appellant does not offer any evidence which was not already in the record before the trial court. Further, the issues raised by appellant either were or could have been raised in his direct appeal and are therefore res judicata. Thus, the trial court did not err in denying appellant's petition to correct sentence.

{¶18} Appellant's assignment of error is overruled and the April 9, 2015 judgment entry of the Richland County Court of Common Pleas is affirmed.

By: Gwin, P.J.,

Hoffman, J., and

Wise, J., concur