[Cite as *State v. Winters*, 2016-Ohio-622.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2015-0029 |
| | : | |
| RONDIAL E. WINTERS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                                        Court of Common Pleas, Case No.
                                                        CR2012-0138

JUDGMENT:                                  AFFIRMED

DATE OF JUDGMENT ENTRY:        February 17, 2016

APPEARANCES:

For Plaintiff-Appellee:                        For Defendant-Appellant:

D. MICHAEL HADDOX                     TONY A. CLYMER
MUSKINGUM CO. PROSECUTOR      1420 Matthias Dr.
GERALD V. ANDERSON                  Columbus, OH 43224
27 North 5th St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Appellant Rondial E. Winters appeals from the May 14, 2015 Judgment Entry of the Muskingum County Court of Common Pleas overruling his motion to correct sentence.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   This case arose when appellant elected to plead guilty to the following eight counts contained in a bill of information filed June 6, 2012: gross sexual imposition pursuant to R.C. 2907.05(A)(4), a felony of the third degree [Count I]; gross sexual imposition pursuant to R.C. 2907.05(A)(4), a felony of the third degree [Count II]; gross sexual imposition pursuant to R.C. 2907.05(A)(4), a felony of the third degree [Count III]; gross sexual imposition pursuant to R.C. 2907.05(A)(4), a felony of the third degree [Count IV]; pandering obscenity involving a minor pursuant to R.C. 2907.321(A)(1), a felony of the second degree [Count V]; pandering obscenity involving a minor pursuant to R.C. 2907.321(A)(1), a felony of the second degree [Count VI]; pandering obscenity involving a minor pursuant to R.C. 2907.321(A)(1), a felony of the second degree [Count VII]; and pandering obscenity involving a minor pursuant to R.C. 2907.321(A)(1), a felony of the second degree [Count VIII].

{¶3}   Appellee's statements of fact at both the bill of information hearing and the later sentencing hearing established appellant had sexual contact with a minor under the age of thirteen on four separate occasions between June 1, 2001 and May 2, 2007.  In the course of the investigation, the victim told police appellant had shown her pornography and seizure of appellant's computer yielded, e.g., four separate images of child pornography.

{¶4} Appellant affirmatively waived prosecution by indictment on June 6, 2012 and entered guilty pleas as charged in exchange for appellee's recommended aggregate sentence of 14 years. (Appellant then entered guilty pleas again on August 6, 2012 because the maximum sentence for Counts I through IV had been misstated at the first hearing.) Appellant also elected to proceed with sentencing under the "current law" instead of the law in existence at the time the crimes occurred with respect to sex offender classification. The trial court's sentencing Entry of August 8, 2012 states in pertinent part:

* * * *.

The Court finds that the crimes for which [appellant] was convicted span a period of time during which the Ohio sexual offender classification laws have been amended by the legislature. The Court finds that these changes affect the rights and responsibilities of those convicted of sexually oriented offenses. The Court finds that where possible the Defendant is entitled to be classified under the statutory provisions that are least restrictive. However, due to many variables in the statutes, the Court is unable to determine which statutes applies and determines to allow [appellant] to elect which statute upon which he desires to proceed.

The finds that (*sic*) [appellant] has elected to proceed under Ohio's recent adoption of the Tier Classification System. Pursuant to Ohio Revised Code 2950.01 the offenses for which [appellant] was convicted are defined as sexually oriented offenses, and as such, require that [appellant] has elected to be classified under the Tier

Group of classification of sex offenders. [Appellant] was advised, and acknowledged on the record that, 1) he is being classified as a **Tier II Sex Offender** (emphasis in original); 2) as a Tier II Sex Offender he is subject to registration **every one hundred eighty (180) days for twenty-five (25) years** (emphasis in original); and, 3) that his failure to comply with the terms and conditions of registration could result in new felony charges for which an additional prison term could be imposed.

* * * *.

{¶5} On August 29, 2012, the trial court entered an Entry Nunc Pro Tunc imposing prison terms of four years each upon counts Counts I through IV and prison terms of five years each upon Counts V through VIII. Counts I, II, III, and IV are to be served concurrently with each other [4 years total]. The terms for Counts V and VI are to be served concurrently to each other but consecutively to the terms imposed in Counts I through IV [5 years total]. The periods imposed upon Counts VII and VIII are to be served concurrently to each other but consecutively to the terms imposed for Counts 1 through IV and Counts V and VII [5 years total]. Appellant's aggregate prison term is thus 14 years.

{¶6} Appellant did not file any direct appeal from his convictions and sentences.

{¶7} On April 6, 2015, appellant filed a Motion to Correct Sentence arguing the trial court failed to make required findings of fact to impose consecutive sentences pursuant to R.C. 2929.14(C) and failed to determine whether the convictions represented allied offenses of similar import pursuant to R.C. 2941.25. Appellee responded with a

motion in opposition. The trial court denied appellant's motion by entry dated May 14, 2015.

{¶8} Appellant now appeals from the trial court's judgment entry overruling his motion to correct sentence.

{¶9} Appellant raises five assignments of error:

**ASSIGNMENTS OF ERROR**

{¶10} "I. THE DEFENDANT-APPELLANT'S PLEA WAS NOT A KNOWING, INTELLIGENT AND VOLUNTARY PLEA CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

{¶11} "II. THE DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS."

{¶12} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT STATE ITS FINDINGS FOR ORDERING CONSECUTIVE SENTENCES PURSUANT TO R.C. 2929.14(C)(4) AND THUS, THE SENTENCE WAS NOT AUTHORIZED BY LAW."

{¶13} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO MERGE THE PANDERING OBSCENITY COUNTS AS ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF R.C. 2941.25(A) AND THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION."

{¶14} "V. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT UNDER AM.SUB. S.B. NO. 10 (THE ADAM WALSH ACT) INSTEAD OF UNDER MEGAN'S LAW."

**ANALYSIS**

I.

{¶15} In his first assignment of error, appellant summarily asserts his counseled, negotiated pleas of guilty to the bill of information were not knowing, intelligent, and voluntary because "* * * he was being advised for the first time by an attorney on the day he entered his guilty pleas * * *," a fact which even if true is outside the record.

{¶16} Appellant implies his lack of access to counsel and counsel's allegedly deficient performance prevented his pleas from being knowing, intelligent, or voluntary. These arguments depend on evidence outside the record and are not appropriate for review on direct appeal; the proper vehicle for appellant to raise these arguments would have been in a petition for post-conviction relief under R.C. 2953.21. *State v. Cooperrider*, 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983) (per curiam).  See, *State v. Tate*, 5th Dist. Richland No. 15-CA-40, 2015-Ohio-3859, ¶ 16, appeal not allowed*, 144 Ohio St.3d 1411, 2015-Ohio-4947, 41 N.E.3d 448.

{¶17} The trial court did not treat appellant's motion to correct sentence as a petition for post-conviction relief.  Even if we were inclined to do so, the pertinent jurisdictional time requirements for such a petition are set forth in R.C. 2953.21(A)(2) as follows: " * * * A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal

is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Appellant did not timely file the motion to correct sentence under R.C. 2953.21(A)(2) and makes no attempt to justify an untimely filing pursuant to the requirements set forth in R.C. 2953.23(A). A court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets the requirements in R.C. 2953.23(A). *State v. Walker*, 5th Dist. Delaware No. 12 CAA 02 0010, 2012-Ohio-3095, ¶ 13, citing *State v. Demastry,* Fairfield App. No. 05CA14, 2005–Ohio–4962, ¶ 15.

{¶18} Appellant's first assignment of error is without merit. See, *State v. Whitaker*, 4th Dist. Scioto No. 10CA3349, 2011-Ohio-6923; *State v. Young*, 10th Dist. Franklin No. 10AP-292, 2010-Ohio-5873.

{¶19} Appellant's first assignment of error is overruled.

## II., III., IV., V.

{¶20} Appellant's second through fifth assignments of error will be considered together. He asserts he received ineffective assistance of counsel; the consecutive sentences of the trial court did not comply with R.C. 2929.14(C); his convictions are allied offenses of similar import; and he should not have been classified as a tiered sex offender despite his specific request that the trial court do so. Appellant's argument on each count is barred by res judicata.

{¶21} Appellant failed to file a direct appeal of his convictions and sentences. He now bootstraps a number of issues to an appeal from his "motion to correct sentence." Those arguments could and should have been raised upon direct appeal and are now barred. "Under the doctrine of res judicata, a final judgment of conviction bars the

defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Szefcyk,* 77 Ohio St.3d 93, 1996–Ohio–337, 671 N.E.2d 233, syllabus. The issues raised by appellant in his motion to correct the sentence and in the instant appeal are all issues cognizable on direct appeal from his judgment of conviction and sentence, and appellant's collateral attack on the judgment on these grounds is barred by res judicata.

{¶22} We also note appellant entered negotiated pleas of guilty to a jointly-recommended sentence. As we have previously recognized, appellant may not have been entitled to appellate review of his sentence based on R.C. 2953.08(D)(1), which provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State v. Guiley*, 5th Dist. Stark No. 2013CA00211, 2014-Ohio-2035, ¶ 9.

{¶23} Nonetheless, appellant's motion to correct sentence constitutes a collateral attack upon his convictions. To allow a defendant to collaterally attack a judgment on grounds he could have raised on direct appeal if they had not barred by R.C. 2953.08(D)(1) would render that statute a nullity. *Guiley*, supra, 2014-Ohio-2035 at ¶ 11. See also, *State v. Stevenson*, 9th Dist. Summit No. 21953, 2005-Ohio-156, ¶¶ 5-8 [appealing sex offender classification from "motion to correct sentence" barred by res judicata when classification not challenged upon direct appeal]; *State v. Jones*, 5th Dist. Richland No. 12CA22, 2012-Ohio-4957, ¶ 23, citing *State v. Barfield,* 6th Dist. No. Nos.

L–06–1262, L–06–1263, 2007–Ohio–1037, ¶ 6 [appellant's argument regarding allied offenses could have been raised on direct appeal from the trial court's sentencing entry and res judicata applies even though appellant never pursued a direct appeal].

{¶24} Appellant's second, third, fourth, and fifth assignments of error are overruled.

## CONCLUSION

{¶25} Appellant's five assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J.

Baldwin, J., concur.