[Cite as *State v. Davis*, 2018-Ohio-1154.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ANGELA N. DAVIS | : | Case No. 17 CAC 05 0033 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muicipal Court of
                             Delaware County,
                             Case No.16TRC04349




JUDGMENT:                    Dismissed




DATE OF JUDGMENT:            March 27, 2018




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER E. BALLARD                    NIKKI TRAUTMAN BASZYNSKI
Assistant Prosecutor                      250 East Broad Street
70 North Union Street                     Suite 1400
Delaware, OH  43015                       Columbus, OH 43215

*Wise, E., J.*

{¶ 1}  Defendant-Appellant Angela Davis appeals the April 25, 2017 judgment of the Delaware County Municipal Court finding appellant had violated her community control. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEEDURAL HISTORY

{¶ 2}  In March 21, 2016, appellant was cited for operating a vehicle while intoxicated (OVI) in violation of R.C 4511.19(A)(1)(a), OVI "high test" in violation of R.C. 4511.19(A)(1)(h), failing to stop after an accident in violation of Delaware County Ordinance 335.12 and operating a vehicle without reasonable control in violation of Delaware County Ordinance 333.08. A recitation of the facts leading to the citations is not necessary for our resolution of this appeal.

{¶ 3}  On June 1, 2016, appellant, accompanied by her attorney, appeared before the trial court to change her previously entered not guilty pleas. The state indicated its understanding that appellant would be entering pleas of guilty to the OVI and reasonable control charges, and that it would then dismissing the remaining two charges. Appellant's attorney corrected the state and indicated appellant would be entering pleas of no contest to OVI and reasonable control. Upon inquiry, appellant agreed with the trial court's statement that she was present to enter pleas of no contest as stated by her attorney. The prosecutor made a brief recitation of the facts and the trial court found appellant guilty "of this offense."

{¶ 4}  During the hearing, appellant never uttered the words no contest. The record contains a document titled "Waiver of Rights/Plea Agreement/Plea" which appears to be signed by appellant and indicates "I enter the plea(s) below shown and I understand

that I may be sentenced immediately." Pleas of no contest are circled for "OVI A1A" and "Reasonable Control."

{¶ 5}   At a later sentencing hearing appellant was sentenced to community control, five days incarceration, court costs, and a $500 fine. Appellant did not appeal or otherwise challenge her conviction and sentence.

{¶ 6}   Appellant failed to report to the jail to serve her time. She was later found to have violated the terms of her community control. On April 25, 2017, the trial court terminated appellant's community control and imposed a 30-day jail sentence.

{¶ 7}   Appellant filed an appeal from the judgment entry revoking her community control, and the matter is now before this court for consideration. Appellant raises two assignments of error:

I

{¶ 8}   "THE TRIAL COURT ERRED BY SENTENCING MS. DAVIS WITHOUT SUFFICIENT EVIDENCE OF GUILT."

II

{¶ 9}   "THE TRIAL COURT ASSESSED, AND THE CLERK OF COURTS COLLECTED, UNAUTHORIZED COURT COSTS."

I, II

{¶ 10} In her first assignment of error, appellant argues she was sentenced for OVI without sufficient evidence of guilt, specifically because she never entered a verbal plea during her plea hearing. In her second assignment of error, appellant argues the trial court assessed and the clerk of courts collected unauthorized court costs. We find we are

without jurisdiction to consider appellant's complaints, as these arguments are collateral attacks of the trial court's June 15, 2016 judgment of conviction and sentence.

{¶ 11} Appellant's notice of appeal was filed on May 24, 2017 and asserts it is appealing the trial court's April 25, 2017 judgment entry of conviction of violation of community control. Appellant's Notice of Appeal was filed well beyond the requirement of App.R. 4 for the timely filing of an appeal of the trial court's June 15, 2016 judgement of conviction and sentence, and assessment of court costs and fines. Accordingly, we find this court lacks jurisdiction to consider appellant's complaints and we dismiss the appeal. We further deny as moot appellant's March 1, 2018 motion to supplement the record with her current cost bill and the cost schedule of the Delaware Municipal court cost schedule in effect during appellant's criminal proceedings.

By Wise, Earle, J.

Wise, John, P.J. and

Hoffman, J. concur.


EEW/rw