[Cite as *State v. Jones*, 2021-Ohio-370.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190429 |
| | | TRIAL NO. B-1900683 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| ROGER JONES, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 10, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney*,* for Plaintiff-Appellee,

*John D. Hill, Jr.,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} Defendant-Appellant Roger Jones concedes that the record reveals no error in the trial court's acceptance of his guilty plea, but he entreats us to venture beyond the record in order to reverse his conviction. We decline the invitation to do so, and we accordingly affirm the judgment of the trial court.

I.

{¶2} In January 2019, Mr. Jones and another individual became involved in a physical altercation with Franklin Thompson, which defense counsel described as a "drug deal gone bad." As a result of the melee, Mr. Thompson suffered a broken jaw, orbital, and hand, which resulted in charges of aggravated robbery and felonious assault against Mr. Jones. Before Mr. Jones's trial date, the court ordered a competency evaluation, and Mr. Jones was found competent to stand trial. The state then broached a plea deal: Mr. Jones could plead guilty to the felonious assault charge in exchange for dismissal of the aggravated robbery charge.

{¶3} At the beginning of his plea hearing, Mr. Jones rejected the state's overture and asked the court—for the second time—to appoint him new counsel. The court refused, expressing its belief that defense counsel had "worked very, very hard on [Mr. Jones's] behalf," and that the matter would go to trial or a plea that day. The court explained that if Mr. Jones was convicted of both charges, he could face up to 19 years in prison: "That's not a guarantee. I am not saying that I would do that. But I want to take it off your attorney. He is not the bad guy." Mr. Jones professed not to understand, asking the court if it would "mind" telling him "what's in the agreement?" The court walked through the contents of the state's plea offer and recessed so that Mr. Jones could caucus further with his attorney.

{¶4} When the hearing resumed, Mr. Jones agreed to plead guilty to felonious assault. The trial court then engaged in an extensive colloquy to ensure that he understood the charges against him, the rights that he waived by pleading guilty, and the maximum penalty he faced for felonious assault. Notably, Mr. Jones informed the trial court that he could not read or write. The trial court responded by asking whether defense counsel had read the "Entering Plea of Guilty" form to Mr. Jones, and whether he understood it. Mr. Jones assured the judge that his attorney read him the form and that he understood its contents. When the trial court inquired whether Mr. Jones was taking any substances that might affect his thinking, he revealed that he consumed "medicine for bipolar and sleep and paranoia." The trial court probed further: "Do you feel that it helps you?" Mr. Jones responded that the medication helped him "a lot," and confirmed that he was making his plea with a "clear mind." The trial court eventually accepted Mr. Jones's plea and sentenced him to three years of incarceration.

{¶5} Mr. Jones concedes in his appellate brief that "the trial court technically complied with the strictures of Crim.R. 11(C) in accepting [his] plea, and no doubt under the circumstances it went to great lengths to ensure that his plea was tendered knowingly, voluntarily, and intelligently." Nonetheless, Mr. Jones raises one assignment of error on appeal, featuring evidence from outside the record for the proposition that his plea was not *actually* knowingly, voluntarily, and intelligently tendered. For the reasons explained below, we find no merit in this assignment of error and affirm the judgment of the trial court.

II.

{¶6} To bolster his appeal, Mr. Jones urges us to consider several matters from outside the record. He claims that he felt "coerced" into tendering his guilty

plea because of a deteriorating relationship with his trial attorney, and was "pressured" by the trial court's "veiled threat" that it might impose a 19-year sentence if he rolled the dice at trial. He further maintains that his medication clouded his judgment, precluding him from truly grasping what transpired at the plea hearing (his assurances to the trial court notwithstanding).

{¶7} Coercion by counsel and medication-induced incompetence are serious allegations, certainly relevant to the validity of Mr. Jones's guilty plea. But claims that "depend on evidence outside the record [] are not appropriate for review on direct appeal * * * ." *State v. Winters*, 5th Dist. Muskingum No. CT2015-0029, 2016-Ohio-622, ¶ 16. Our review of Mr. Jones's direct appeal is strictly limited to matters in the record: "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶8} Our review of the record confirms what Mr. Jones already admits: that it reveals no error in the trial court's acceptance of his guilty plea. His "isolated remarks to the effect that [he] did not understand the plea or proceedings" do not warrant reversal; instead, we must consider "an overall reading of the transcript." *State v. Wisler,* 2019-Ohio-2363, 138 N.E.3d 576, ¶ 13 (1st Dist.). A holistic review of Mr. Jones's plea and sentencing hearings demonstrates that the trial court complied with all aspects of Crim.R. 11(C). We agree with Mr. Jones that the trial court went to "great lengths" to ensure that he understood his rights and the consequences of his plea, and the transcripts belie his claim of a "veiled threat" by the trial court to impose the maximum sentence. Mr. Jones stated on the record that his medication assisted him in keeping his mind clear. We have to take those words at face value.

"Defendants often face difficult, if not gut-wrenching, decisions regarding whether to accept a plea deal." *State v. Jacobs*, 1st Dist. Hamilton No. C-190154, 2020-Ohio-895, ¶ 9. But the mere fact that a defendant does not like his options (or the counsel who presents them) does not automatically render the defendant's choice a "product of coercion." *Id.*

{¶9} We note that Mr. Jones's arguments concerning his rocky relationship with counsel and potential side-effects of his medication could be properly raised in an R.C. 2953.21 petition for post-conviction relief. *See State v. Redavide*, 2016-Ohio-7804, 73 N.E.3d 1171, ¶ 11 (2d Dist.) (" 'Matters outside the record that allegedly corrupted the defendant's choice to enter a plea of guilty or no contest so as to render the plea less than knowing and voluntary are proper grounds for an R.C. 2953.21 petition for post-conviction relief.' "), quoting *State v. Wheeler*, 2d Dist. Montgomery No. 18717, 2002 WL 91304, *2 (Jan. 25, 2002). But our precedent is clear: Mr. Jones's attempt to inject evidence from outside the record into this appeal must fail. We accordingly overrule his sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.