[Cite as *State v. Rodeheaver*, 2023-Ohio-3283.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, PJ. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. CT2023-0016 |
| MARSHALL H. RODEHEAVER, JR. | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Zanesville Municipal Court, Case No. 21CRB00872

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     September 15, 2023

APPEARANCES:

For Plaintiff-Appellee

DAVID J. TARBERT
EMILY STRANG TARBERT
50 North 4th Street
Zanesville, OH 43701

For Defendant-Appellant

MARSHALL H. RODEHEAVER, JR. Pro Se
Belmont Correctional Institution
Box 540
St. Clairsville, OH 43950

*Gwin, P.J.*

{¶1}   Appellant Marshall Rodeheaver, Jr. appeals the February 28, 2023 judgment entry of the Zanesville Municipal Court.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   In this case, a complaint was filed against appellant in Zanesville Municipal Court on August 14, 2021 for the unauthorized use of a motor vehicle, in violation of Zanesville City Code 545.06(A), a misdemeanor of the first degree. The summons instructed appellant to appear in court on August 16, 2021 for his arraignment.  Appellant was released on bond on August 15, 2021.  Appellant failed to appear for his arraignment on August 16, 2021.  The trial court issued a warrant for his arrest.  Appellant was arrested on August 19, 2021, and was arraigned on August 24, 2021.

{¶3}   At his arraignment, appellant asked to plead guilty to the charge.  He did not know why he was in the county jail instead of the city jail, but stated he may have other charges pending.  The trial court informed appellant of the rights he would be giving up upon a plea of guilty, and instructed appellant to review and sign the plea form.  The plea form, entitled "Wavier of Rights upon Plea of Guilty or No Contest," is part of the record before this Court, and is signed by appellant.

{¶4}   The trial court stated, "by entering that plea, you're waiving all of the rights that are explained to you on that form, most importantly, your right to have an attorney in the case and your right to have a trial * * *."  When asked if he understood that he was waiving those rights, appellant responded, "yes, sir."  The trial court specifically found appellant knowingly, intelligently, and voluntary waived his right to counsel.

{¶5} The trial court further found appellant knowingly, intelligently, and voluntarily waived his rights, and accepted appellant's plea of guilty. The trial court found appellant guilty, and sentenced him to ninety days in jail, with sixty days suspended on condition of no offenses of a similar nature within two years. In a judgment entry dated August 24, 2021, the trial court found: appellant acknowledged receipt of the complaint, appellant was informed of the nature of the charge and the maximum penalty, appellant was informed of his right to counsel, and appellant waived his right to counsel. Additionally, the trial court ordered the sentence "run consecutive to any other period of confinement." Appellant did not file a direct appeal of the August 24, 2021 judgment entry.

{¶6} Appellant's sentence was to begin immediately upon his release from an unrelated holder in the Muskingum County Jail. Appellant failed to report to the Zanesville City Jail to serve his sentence in this case upon his release from Muskingum County Jail on October 13, 2021. Accordingly, the Zanesville Police Department requested the trial court issue a bench warrant for appellant's arrest. The trial court issued the warrant.

{¶7} On November 21, 2021, appellant was indicted in the Muskingum County Court of Common Pleas on unrelated charges. He was arrested on the new charges on December 16, 2021. Appellant pled guilty to the charges (burglary and possession of criminal tools) on February 14, 2022, and was sentenced to thirty months in prison. Appellant did not appeal the common pleas court case.

{¶8} Appellant filed a "motion for completion of case in absentia" in this case on February 28, 2023. In his motion, appellant requested that he be "tried and sentenced in absentia." He stated in his motion that he was "knowingly waiving his right to be present,

his right to counsel, and stipulates to a finding of guilt." Appellant also requested the jail time in this case be run concurrent to his sentence in the common pleas court case. In a February 28, 2023 judgment entry, the trial court denied appellant's motion to run jail time concurrently.

{¶9} Appellant appeals the February 28, 2023 judgment entry of the Zanesville Municipal Court and assigns the following as error:

{¶10} "I. THE FACT THAT APPELLANT WAS ALLOTTED NO COUNSEL FOR HIS DEFENSE IN SAID CASE WAS AGAINST HIS SIXTH AMENDMENT RIGHT TO COUNSEL.

{¶11} "II. THE TRIAL COURT DID NOT MENTION CONSECUTIVE TIME, AND NO ATTACHMENTS OF EVIDENCE EXIST."

## I. & II.

{¶12} In his first assignment of error, appellant contends his Sixth Amendment right to counsel was violated because there was not a valid written waiver of his right to counsel. In his second assignment of error, appellant contends the trial court committed error in ordering him to serve the jail sentence in this case consecutive to any other period of confinement because the trial court failed to state the word "consecutive" during the sentencing hearing and there were no "attachments of evidence."

{¶13} First, we find that appellant seeks to attack the trial court's original imposition of sentence, and therefore these issues should have been raised in a direct appeal when the trial court first imposed appellant's sentence on August 24, 2021. Appellant failed to file a direct appeal of his conviction and sentence. He now bootstraps several issues to his February 2023 motion. These arguments (waiver of counsel and

consecutive sentencing) are improper collateral attacks of the trial court's August 24, 2021 judgment entry of conviction and sentence, and these arguments could and should have been raised upon direct appeal. Accordingly, these arguments are now barred. *State v. Winters*, 5th Dist. Muskingum No. CT2015-0029, 2016-Ohio-622; *State v. Davis,* 5th Dist. Delaware No. 17 CAC 05 0033, 2018-Ohio-1154.

{¶14} Further, even assuming appellant had properly raised these issues, we find no error in the proceedings. Appellant first argues the trial court violated his rights in permitting him to proceed pro se without a written waiver of counsel.

{¶15} The right to counsel applies in misdemeanor cases, including cases involving petty offenses that result in imprisonment. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Criminal Rule 2(D) defines a "petty offense" as a "misdemeanor other than a serious offense." Under Criminal Rule 2(C), a "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶16} Appellant was convicted of unauthorized use of a vehicle, a misdemeanor of the first degree. The maximum penalty is "not more than one hundred and eighty days." Accordingly, the penalty for this charge does not include confinement for more than six months. Thus, appellant was convicted of a petty offense, not a serious offense, and Criminal Rule 44(B) governs the appointment of counsel.

{¶17} Pursuant to Criminal Rule 44(B):

Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement

may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶18} Criminal Rule 44(C) further provides, "waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing." Thus, pursuant to Criminal Rule 22, in petty offense cases all waivers of counsel shall be recorded "in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."

{¶19} Because the conviction is for a petty offense, the waiver of appellant's right to counsel was required to be made in open court and recorded, but was not required to be in writing. Criminal Rule 22; Criminal Rule 44; *State v. Rice*, 5th Dist. Delaware No. 20CAA010002, 2021-Ohio-988. The certified record before us includes a transcript of the proceedings held on August 24, 2021, during which appellant waived his right to counsel.

{¶20} Prior to the waiver, the trial court had a discussion with appellant, and specifically informed appellant of the nature of the charge and maximum penalty. Appellant confirmed he understood the charge and the possible penalties involved. The trial court then explained to appellant his rights, including his right to an attorney. The trial court asked appellant if he waived that right, and appellant responded, "yes, sir." Accordingly, the record demonstrates appellant knowingly, intelligently, and voluntarily waived his right to counsel. We additionally note that in his motion filed in February of 2023, appellant states, "defendant is knowingly waiving * * * his right to counsel * * *."

{¶21} Appellant also contends the trial court committed error in ordering him to serve the jail sentence in this consecutively to "any other period of confinement." Appellant cites R.C. 2929.41 in support of his argument. He asserts that, pursuant to the

statute, since the trial court did not state the word "consecutive" during the sentencing hearing, the trial court did not specifically impose the consecutive sentence.

{¶22} While the trial court did not state the word "consecutive" during the hearing, the court did attempt to question appellant about other pending charges and asked him why he was in the county jail. However, appellant was unable to provide that information to the court, stating he did not know because, "I got so many. It's awful." Additionally, the trial court did specify the sentence was to be served consecutively to any other prison or jail term in the August 24, 2021 sentencing entry. This complies with R.C. 2929.41(B).

{¶23} Appellant argues there are no "attachments of evidence" included in the record, and thus we should reverse the trial court. It is unclear as to what attachments or documents appellant is referring. However, we note for the record that the plea form appellant signed, and the sentencing entry issued by the trial court, are both part of the record on appeal.

{¶24} Based on the foregoing, appellant's assignments of error are overruled.

{¶25} The February 28, 2023 judgment entry of the Zanesville Municipal Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur