[Cite as *State v. Lake*, 2023-Ohio-4181.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2023-0030 |
| ALBERT LAKE | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Muskingum County Court of Common Pleas, Case No CR2023-0103

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    November 17, 2023

APPEARANCES:

For Plaintiff-Appellee

RONALD WELCH
Prosecuting Attorney
BY: JOHN CONNOR DEVER
Assistant Prosecutor
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, OH 43076

*Gwin, P.J.*

{¶1}     Appellant Albert L. Lake, Jr. appeals his convictions after entering guilty pleas in the Muskingum County Court of Common Pleas.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}     On February 9, 2023, the Muskingum County Grand Jury indicted appellant on the following counts:  robbery, a felony of the second degree, two counts of domestic violence, both misdemeanors of the first degree, petty theft, a misdemeanor of the first degree, criminal damaging or endangering, a misdemeanor of the second degree, and four counts of menacing by stalking, each felonies of the fourth degree.

{¶3}     Appellant was arraigned on February 21, 2023, and entered pleas of not guilty to the charges.  The charges stemmed from incidents in January of 2023, at which time appellant and his now ex-wife, the victim, were going through a divorce.  Appellant went to Wal-Mart, demanded to have the victim's cell phone, and demanded that she come with him.  When the victim refused, appellant smacked the victim on the side of the face, took her wallet, and refused to give it back until she gave him the cell phone.  The two went out to the parking lot, where the victim obtained appellant's car keys, and tried to barter the keys back for her wallet.

{¶4}     The victim got her wallet back and returned to the store.  Appellant followed her into the store, pushed her against a bin, and took her wallet again.  At 4:00 a.m. the next morning, appellant pounded on the victim's door and demanded she come outside.  Appellant left when the victim's boyfriend stated he was going to call the police.  When the victim went out to her car that morning, someone had scratched the word "whore" into the side of her car and had taken her cell phone and cash out of the car.  Appellant

admitted to police that he went to the house and stole the victim's cell phone and $100 in cash.

{¶5}    On March 20, 2023, appellant and his counsel executed a "plea of guilty form." The form provides that appellant understood the maximum penalty for each offense, including prison terms, understood the plea agreement, and waived certain constitutional rights, such as the right to a jury trial and the right to confront witnesses.

{¶6}    Appellant also appeared for a change of plea hearing on March 20, 2023. The trial court detailed the charges and the maximum penalty for each charge. Counsel for appellee detailed the plea agreement, i.e., that appellant would plead guilty to four charges (robbery, one count of domestic violence, criminal damaging, and one count of menacing by stalking) in exchange for appellee making no recommendation as to sentencing, and dismissal of the remaining five charges.

{¶7}    When asked if his attorney told appellant that the robbery charge is subject "to the non-life felony indefinite period sentence," appellant stated, "yes, sir." Further, the court informed appellant there is "a minimum prison term of – with regard to this count [robbery] of two through eight years, in one-year increments, a maximum fine of $15,000. There's an indefinite maximum term of up to 12 years * * *, and asked appellant if he understood the charge and possible penalties. Appellant responded, "yes, sir." The court went through the possible penalties on each count. Appellant confirmed that he understood.

{¶8}    Appellant confirmed he was satisfied with the advice of his counsel. He further confirmed no promises had been made in exchange for his plea, and no one threatened him with regard to the plea. Appellant stated he understood the plea

agreement. Appellant pled guilty to robbery, one count of domestic violence, criminal damaging, and one count of menacing by stalking. Appellant signed the plea of guilty form, and confirmed to the court at the hearing that he understood the rights he was giving up upon his guilty plea. The court issued an entry on March 22, 2023, accepting appellant's plea of guilty, and finding the plea was a knowing, intelligent, and voluntary waiver of appellant's rights. Further, the court ordered a pre-sentence investigation.

{¶9} The court conducted a sentencing hearing on May 1, 2023. At the sentencing hearing, appellant apologized for his actions and stated he was "hoping I can get a chance at community control. I know it's not likely. But I was just, you know, hoping to get a shot at that." Counsel for appellee advocated for a five-year prison sentence. The court imposed an aggregate minimum prison sentence of five (5) years and an indefinite maximum prison sentence of seven-and-one-half (7.5) years. The trial court issued a judgment entry of sentence on May 4, 2023.

{¶10} Appellant appeals his convictions, and assigns the following as error:

{¶11} "I. THE APPELLANT'S PLEA OF GUILTY WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY TAKEN."

I.

{¶12} In his assignment of error, appellant contends his pleas of guilty were not knowingly, voluntarily, and intelligently made. Specifically, appellant argues that he was under the impression from discussions with his attorney that he would receive probation at sentencing, and, due to the advice he received from trial counsel, he subjectively believed he was entering a plea of guilty to receive probation.

{¶13}   Criminal Rule 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily.  Although literal compliance with Criminal Rule 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Criminal Rule 11(C).  *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶14}   The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) the defendant cannot be compelled to testify against himself.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.   If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid.  *Id.*

{¶15}   The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing.  Criminal Rule 11(C)(2)(a)(b); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224.

{¶16}   For the non-constitutional rights, the trial court must substantially comply with Criminal Rule 11's mandates.  *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).  "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is

waiving." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Criminal Rule 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Id.*

{¶17}   When reviewing a plea's compliance with Criminal Rule 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

{¶18}   Appellant does not argue that the trial court failed to comply with Criminal Rule 11's strict or substantial compliance requirements before accepting his guilty pleas. Rather, appellant contends his pleas were not knowing, intelligent, or voluntary because he had the subjective belief that he would only receive probation for pleading guilty because of his trial counsel's representation, and that his pleas of guilty were not knowing, intelligent, or voluntary because he actually received a prison sentence.

{¶19}   Appellant contends the representations by his counsel and his subjective belief as to his sentence prevented his pleas from being knowing, intelligent, or voluntary. However, these arguments depend on evidence outside the record. A claim requiring proof that exists outside the record cannot appropriately be considered on a direct appeal. *State v. Winters*, 5th Dist. Muskingum No. CT2015-0029, 2016-Ohio-622; *State v. Hendricks*, 5th Dist. Muskingum No. CT016-0010, 2017-Ohio-259.

{¶20}   Further, the record demonstrates the trial court thoroughly reviewed the maximum penalty for each charge with appellant, including potential prison terms. Appellant stated he understood each of these potential penalties. The potential penalties, including prison terms, were also specifically listed in the "plea of guilty" form appellant

signed on March 20, 2023, in which appellant confirmed he understood the maximum penalty for each offense, including prison terms.

{¶21} Appellant informed the court that he understood the plea offer. He told the trial court no threats or promises had been made to him with regards to the plea. Appellant told the trial judge he was satisfied with the advice of his counsel. The court continued the colloquy by explaining appellant's constitutional rights. Appellant expressed no hesitation, confusion, or reluctance when asked how he wished to plea to each charge. Additionally, appellant's own words at the sentencing hearing contradict his argument. He specifically stated he "hoped" he could get a chance at community control, but acknowledged, "it's not likely." We find appellant's suggestion that he did not understand the maximum penalty, or that his plea was involuntary, to be unsupported by the record.

{¶22} We have reviewed the transcript of the hearing at which the trial court conducted the plea colloquy required by Criminal Rule 11 and determined that the court substantially complied with Criminal Rule 11(C)(2)(a) and (b) and strictly complied with Criminal Rule 11(C)(2)(c).

{¶23}   Based on the foregoing, appellant's assignment of error is overruled.

{¶24}   The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur

[Cite as *State v. Lake*, 2023-Ohio-4181.]